

FILED
NOV - 4 2020
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONNA M. CONNOR, )
 )
    Plaintiff, )
 )
v. )   Civil Action No. 20-3014 (UNA)
 )
 )
COMMONWEALTH OF VIRGINIA et al., )
 )
    Defendants. )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a Virginia resident who has sued the Commonwealth of Virginia. She alleges that her trust in Virginia's justice system is broken "due to an inability to grant for the last twenty years relief, correction, and a right to feel protected when informing of crimes within my state and federal court cases and complaints." Compl. at 1. Plaintiff therefore brings this action "before the United States District Court in DC under the fourteenth, thirteenth and ninth amendments[.]" *Id.* A generous reading of the complaint suggests that Plaintiff is dissatisfied with state court proceedings in which she was a party. *See id.* at 15 ("The Commonwealth of Virginia legal and justice system has allowed assault after assault designed to hinder and block my right to succeed, to financial prosperity. The awful decisions by the Commonwealth of Virginia judges covering many issues in my court cases such as employment, stalking, serious violations of my privacy,

unlawful entry, poisons of food, medicines and persons, prevalent theft, damage to property and just an all-out bold brazen assault to destroy has left me mentally and physically damaged.").

The Eleventh Amendment to the U.S. Constitution immunizes a State from suit in federal court, unless immunity is waived.[1] Plaintiff has not come close to demonstrating Virginia's waiver of immunity. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("[T]he party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists.") (citation omitted)). Furthermore, this federal district court lacks authority to review the decisions of the Virginia courts. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986); *accord Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126 n.6 (D.D.C. 2017) ("It is a well-established principle that a district court can neither review the decisions of its sister court nor compel it to act."). Plaintiff's recourse lies, if at all, in the Court of Appeals of Virginia and ultimately in the United States Supreme Court. *See* 28 U.S.C. § 1257; *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (Section 1257 "channels directly to the Supreme Court all federal review of judicial decisions of state (and D.C.) courts of last resort") (parenthesis in original)). Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: November 4, 2020

/s/
KETANJI BROWN JACKSON
United States District Judge

---

[1] The Eleventh Amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long settled that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).